UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 13 CR 572 |
| | ) | |
| v. | ) | |
| | ) | Hon. Elaine E. Bucklo |
| PRINCE ASIEL BEN ISRAEL and | ) | |
| C. GREGORY TURNER, | ) | |
| also known as "Greg Turner" | ) | |

## **PROTECTIVE ORDER**

WHEREAS, the parties agree that they have a compelling interest in preventing certain sensitive discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendants and third parties;

AND WHEREAS, the government seeks to tender to the defendants certain declassified materials. As used herein, the term "Declassified Discovery Material" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the government to defense counsel as part of discovery in this case;[1]

---

[1] The category of Declassified Discovery Materials includes all declassified information, and all declassified materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendants or defense team in this case.

AND WHEREAS, apart from Declassified Discovery Material, the government seeks to tender to the defendants certain third party information. As used herein, the term "Sensitive Discovery Material" refers to any and all documents, materials, and information that have been marked as sensitive and that contain third party information including financial information of one or more persons other than the defendants;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendants and their counsel of record into three categories: (1) General Discovery Materials, (2) Declassified Discovery Materials, and (3) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government;

<u>General Discovery Materials</u>

IT IS FURTHER ORDERED that, except as provided below, General Discovery Materials shall not be further disseminated[2] by the defendants or

---

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

their counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendants, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses and their counsel or potential witnesses and their counsel during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel;

Declassified Discovery Materials

IT IS FURTHER ORDERED that Declassified Discovery Materials shall not be further disseminated by the defendants or their counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendants, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a

copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Declassified Discovery Material appropriately so marked. It is expressly understood that counsel for the defendants or co-counsel may not disseminate any of such Declassified Discovery Materials to witnesses or potential witnesses. The defendants may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be *ex parte* and under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that no Declassified Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court *ex parte* and under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendants, or anyone associated with the defense team shall not

release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order;

IT IS FURTHER ORDERED that counsel shall store all Declassified Discovery Materials, and any copies thereof, in a secure place;

Sensitive Discovery Materials

IT IS FURTHER ORDERED that Sensitive Discovery Materials shall not be further disseminated by the defendants or their counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendants, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. The government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for the defendants or co-counsel may not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses. The defendants may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be *ex parte* and under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after

notifying the defense, may consult with the government regarding any dissemination requests pursuant to this paragraph;

Provisions Applying to All Discovery Material

IT IS FURTHER ORDERED that all discovery materials, whether general, declassified or sensitive, in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Declassified Discovery Materials and all audio or video recordings shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the Government, all Declassified Discovery Materials and all audio or video recordings shall be returned to the Government. All remaining material shall be disposed of in one of three ways, unless otherwise ordered by the Court: such materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that any materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the

disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act containing classified information shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of his choosing who possesses the necessary security clearance. The date and time of physical submission to the Classified Information Security Officer or an appropriately cleared designee shall be considered the date and time of the filing. At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. This notice should contain only the case caption and the unclassified title of the filing;

IT IS FURTHER ORDERED the defense team and any other authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by the defense team and such authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials. Defense counsel shall not remove from any copies of either General Discovery Materials, Declassified Discovery

Materials or Sensitive Discovery Materials, any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

IT IS FURTHER ORDERED that all discovery materials are subject to this protective order, are to be provided to the defense, and used by the defense, solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court;

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of Declassified Discovery Materials or Sensitive Discovery Materials, for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

IT IS FURTHER ORDERED that the restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any document filed by any party which attaches or otherwise discloses Declassified Discovery Material

or Sensitive Discovery Material, shall be filed under seal to the extent necessary to protect such information, absent prior permission from this Court;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that, to the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendants from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

                                               _____
                                               HON. ELAINE E. BUCKLO
                                               UNITED STATES DISTRICT COURT

Dated: September 25, 2013